LOCKE & SMITH COMPANY, RESPONDENT, v. AUGUST MECHLER, APPELLANT.

Argued February 23, 1911—Decided June 6, 1911.

The defendant guaranteed in writing the payment of indebtedness incurred or to be incurred by the principal debtor to the plaintiff for goods or labor for the job at 322 Washington street, Hoboken; the only evidence offered by the plaintiff that the goods for the price of which it sued had been ordered for the Washington street job, was its books of account. *Held*, that the books were not evidence of the purpose for which the goods were bought.

On appeal from Second District Court of Jersey City.

Before Justices SWAYZE, BERGEN and MINTURN.

For the respondent, *William H. Carey.*

For the appellant, *Samuel A. Besson.*

The opinion of the court was delivered by

SWAYZE, J. The only specifications of grounds for reversal that have given us any trouble are those that relate to the proof that goods were delivered by the plaintiff to Kennelly under circumstances that would make the defendants liable on their guarantee. The guarantee was in writing, and

by its terms the defendants guaranteed the payment of all indebtedness or other obligation which Peter J. Kennelly has incurred or which he may hereafter incur to Locke & Smith Company for goods, wares or merchandise purchased by Kennelly, or work, labor or services rendered to Kennelly for him or on his order, for job or jobs, at 322 Washington street, Hoboken, New Jersey. It was essential under this guarantee for the plaintiff to prove that the goods for the price of which it sues were purchased by Kennelly for the particular job mentioned in the guarantee. The only evidence offered for this purpose was the books of account of the plaintiff, together with certain delivery slips, the signatures to which were not proven; there was no proof outside of the books that the goods had actually been ordered by Kennelly for the Washington street job. There seems to have been a list of the goods which were likely to be required, called an estimate, but this is as far as the evidence went. Kennelly himself was not called as a witness and his absence was not accounted for. In order to sustain the judgment in this case, it is necessary to hold that a party's shop books are evidence in his own favor for purposes other than proof of the sale and delivery of goods, and that they are admissible to prove in addition thereto the purpose for which the goods were bought. We find no case that goes to this extent. It is in seeming conflict with what is said in section 1540 of *Wigmore on Evidence,* and cases therein cited, and section 589 of *Jones on Evidence.* A case somewhat similar is *Lynch* v. *Cronan,* 6 *Gray* 531. That was a suit upon a mechanics' lien claim, and it was essential to prove that the work had been done upon the defendant's property. Chief Justice Shaw said: "The petitioner's book of account and suppletory oath were incompetent evidence. To admit them in this proceeding would be a step beyond any case yet decided. The statute creating a lien upon lands, under a contract which may be made by a person other than the owner, is to be construed with at least reasonable strictness. The party has it in his power to secure other evidence of the work which he has performed, either by the testimony of the contractor or of his own fellow workmen."

A guarantor is entitled to insist upon the same strictness of proof. He is at least entitled to know from the evidence of him for whom he is guarantor, if that person is available, whether or not the particular debt is within the terms of the guarantee. It is evident from the testimony in this case that Kennelly alone could have known for what particular job the goods had been ordered, and the entries in the books were little better than the guess of the plaintiff's employes.

The judgment must therefore be reversed, and the record remitted for a new trial in the District Court.